

GERALD C. MANN
ATTORNEY GENERAL

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Hon. Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:    Opinion No. O-1435
Re: (a)  Authority of Secretary of State to
employ two auditors working at the same
time and pay them out of the appropriation
for "Auditor, Franchise Tax Reports (sea-
sonal) $1,000.00."

(b)  Authority of department head to con-
trol hours and time of work done by porter,
under the Departmental Appropriation Bill,
46th Legislature.

By your letter of September 11, 1939 you ask the opin-
ion of this department upon the following questions:

1.  Under the item appearing in the Depart-
mental Appropriation Bill, Secretary of State's
appropriation, "Auditor, Franchise Tax Reports
(seasonal) $1,000.00," may more than one auditor,
working at the same time, be employed and paid?

2.  There appearing in the appropriation
for the Secretary of State an item for "porter...
$720.00" per annum, must the porter be required
by the department head to work eight hours a day,
or may he be paid this salary for work done large-
ly after hours, if he works less than eight hours
per day?

In response to your first question, you are advised
that our opinion is that you are not authorized to employ
two auditors for seasonal work on franchise tax reports
at the same time and pay them both out of the item "Auditor,
Franchise Tax Reports (seasonl)...$1,000.00." In our
opinion, this item, as much so as those immediately pre-
ceding it in your appropriation, contemplates and authorizes
the employment of only one person out of this appropriation
to perform such seasonal work. Your attention is directed,
however, to item No. 34, which reads as follows:

"Extra help, part seasonal, franchise tax
department, including duties transferred from
State Tax Commissioner ... $5,080.00."

This appropriation, in our opinion ,may if necessary
be resorted to for the employment and compensation of additional

auditors in your franchise tax department, in time of a season-
al distress, over and above those for whose employment specific
provision has been made.

With regard to your observation that no salary is
named to be paid this auditor, your attention is directed
to the fact that by the provisions of the rider to the
Departmental Appropriation Bill, he may not be paid a
salary in excess of that provided for employees perform-
ing similar services for whom specific salary provision
has been made. Specific provision has been made for two
auditors of franchise tax reports in your appropriation,
at an annual salary of $2,400.00 per year, which the
Departmental Appropriation Bill requires to be divided
into twelve equal installments on a monthly basis. There-
fore, your seasonal franchise tax auditor cannot be paid
a salary in excess of $200.00 per month.

With reference to your second question, your attention
is directed to the following provisions of the Departmental
Appropriation Bill, appearing in the rider at the end of the
Act:

"Office hours of State Departments. Except-
ing herefrom Sundays and State legal holidays,
office hours of State departments shall be from
8 o'clock A.M. to 5 o'clock P.M., with one hour
off at noon; provided, however, that all depart-
ments shall be allowed to close at 4 o'clock P.M.
on Saturdays; and provided further that the head
of any department shall be authorized to excuse
a part of the employees of such department at
noon on Saturdays, and that such Saturday after-
noon shall not be construed to be a part of the
twelve days vacation provided for below."

"Salary Payments. No salary for which an
appropriation is made herein shall be paid to
any person unless such person actually discharges
assigned duties. Every month the head of each
department shall attach to the payroll for his
department an affidavit, under oath, stating that
the persons listed in said payroll actually per-
formed the duties for which they were being paid."

"Salaries and Other Provisions. (a) All
annual salaries shall be paid in twelve (12)
equal monthly installments, unless otherwise
provided herein."

"Porters. It is specifically provided that
all appropriations for porters as provided in
this Act are made with the distinct understanding
that it is the will of the legislature that the

said porters are to be under the direct super-
vision of the State Board of Control, irrespec-
tive of the fact that the items covering appro-
priations for the several porters in this Act
may be carried as items under the appropriations
of the various departments."

It is to be noted that there appears no provision in
the Departmental Appropriation Bill requiring that any
employee work any specific number of hours per day. It
is to be noted that compensation for services is provided
not upon a daily or hourly basis, but upon a monthly
basis, and that no authority is given for the making of
any deductions from a particular salary for the failure
of such employee to work a certain number of hours per
day. It is further to be observed, in this connection,
that the department head is not required to attach to
the payroll for his department an affidavit, under oath,
stating that the persons listed in said payroll worked
eight hours or more per day, but is only required to
certify under oath that the persons listed in the payroll
actually performed the dutiesfor which they were being paid.

It is,however, to be noted that there is an express
legislative mandate that the "department" shall maintain
office hours from eight o'clock A.M. to five o'clock P.M.,
with one hour off at noon.

In the opinion of this department, it was not intend-
ed by the Legislature that all employees of all State
Departments should work from eight o'clock A.M. to five
o'clock P.M., with one hour off at noon, or to require
that the employees of the department work any specific
number of hours. The language used, if given such inter-
pretation, would necessarily place a maximum as well as
minimum upon the number of hours which employees of State
Departments would be required to work, so that, by such
interpretation, the department head would be deprived of
the authority to require certain employees to work after
hours in the event of pressing necessity.

The legislative intent, it seems apparent, was to re-
quire that all State departments, as such, remain open
from eight o'clock A.M. to five o'clock P.M., with the
exceptions therein provided, but to leave to the executive
discretion of the department head the purely administra-
tive detail of determining what hours of work should be
required of particular employees performing services for
the department. It means that the Legislature did not
attempt to concern itself with the number of hours a par-
ticular employee devoted to a certain service, but only
was concerned with requiring that an employee actually
perform "the duties" for which "he is being paid."

Hon. Tom L. Beauchamp, Page 4

departments, as such, shall remain open at least from
eight to five, with an hour off for lunch, that all employees
of such department actually perform the duties for which
they are being paid, and that an affidavit be made to
such effect before payment for such services is made, but
has left with the department head, in accordance with
accepted business practice, the discretion to determine,
by arranging the hours of service of particular employees,
how the affairs of his department may be most efficiently
administered. Further, we conceive that the expressions
"part time" and "half time," as used frequently in the
departmental appropriation bill, do not mean "part of
eight hours" or "half of eight hours," but, on the other
hand, mean, "part of the time required for the performance
of the service for which the employee is being paid" and
"half of the time required for the performance of the ser-
vice for which the employee is being paid."

In the case of a porter, it is manifestly not contem-
plated by the Legislature that he shall start work at eight
and quit work at five in the afternoon, with an hour off
for lunch, for the type of work that he is required to do
of necessity must be done, for the most part, either before
the department has opened or after it has closed for the day.
To permit or require such work to be done during office hours
would be, in most cases, to impair the efficiency of the
personnel and prevent, to some extent at least, the efficient
functioning of the department.

It is the duty of the department head, therefore, to
see that the particular employee actually performs the duties
for which he is being paid, and, therefore, to see that he
devotes the time to those duties necessary to properly per-
form them. The time that such employee shall begin work
and the time that he shall quit work, and whether duties
other than those for which he is being paid shall be per-
formed by such employee, are all matters to be dealt with
by the department head in the exercise of his administrative
discretion, in such manner as will enable his department
to function most efficiently.

Your attention is called, however, to the fact that
porters, by the express terms of the rider to the depart-
mental appropriation bill, are to be under the direct super-
vision of the State Board of Control, and, therefore, as
to porters, the discretion to determine the hours of labor
is to be exercised by that body, and not by your Department.

Yours very truly
ATTORNEY GENERAL OF TEXAS

By /s/ R. W. Fairchild
R. W. Fairchild

APPROVED SEPT. 14, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
RWF:bw:lrb

APPROVED OPINION COMMITTEE